DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VICTOR BARRAZA,<br><br>　　　　Defendants. | Case No.: 2:19-CR-240 JAM<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date:　March 9, 2021<br>Time:　9:30 a.m.<br>Judge:　Hon. John A. Mendez |

## **STIPULATION**

　　The United States of America through its undersigned counsel, Justin Lee, Assistant United States Attorney, together with Dina Santos, counsel for Victor Barraza, hereby stipulate the following:

1. The Status Conference was previously set for December 15, 2020. By this stipulation, the parties now move to continue the Status Conference to March 9, 2021, at 9:00 a.m. and to exclude time between December 15, 2020, and March 9, 2021 under the Local Code T-4 (to allow defense counsel time to prepare).

2. The parties agree and stipulate, and request the Court find the following:

    a. A continuance is requested because Counsel for the Defendant is new to this case and needs additional time to review the discovery, conduct investigation, and discuss a potential resolution.

    b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

STIPULATION AND ORDER　　　- 1 -

    c. The Government does not object to the continuance.

    d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

    e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of December 15, 2020, to March 9, 2021, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: December 9, 2020

    McGregor W. Scott
    United States Attorney

    /s/ Justin Lee
    JUSTIN LEE
    Assistant U.S. Attorney

DATE: December 9, 2020

    /s/ Dina Santos
    DINA SANTOS
    Attorney for Victor Barraza

## **ORDER**

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

DATED:  December 9, 2020          /s/ John A. Mendez
                                   THE HONORABLE JOHN A. MENDEZ
                                   UNITED STATES DISTRICT COURT JUDGE